# UNITED STATES DISTRICT COURT

| | |
|---|---|
| CITIBANK, (SOUTH DAKOTA) N.A.<br>Plaintiff,<br>v.<br>KENNETH M. DELASHMUTT,<br>Defendant. | Case No. 05-339 S<br><br>**NOTICE OF REMOVAL**<br><br>**(28 U.S.C. Section 1446(a), (b)** |
| Superior Court File No. PC 2005-3353 | |

**NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE THAT:

Kenneth M. DeLashmutt is the Defendant in the civil action brought in July 23, 2005, in the Superior Court of the State of Rhode Island. Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, Kenneth M. DeLashmutt removes this action to the United States District Court, which is the judicial district and division in which the action is pending.

1. The grounds for the removal of this action are:
2. This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States within the meaning of 28 U.S.C. Section 1331.
3. In particular, the plaintiff's, a CITIBANK, principal claim for relief is based on contracts and loans that are governed by 15 U.S.C. Sections 1601 et seq., Title 12, Regulation Z, Part 226.1 (c) (3) et seq, Title 24 CFR, Regulation X, Part 3500 and Title 12 U.S.C. Sections 15, 226.23(a), 12 U.S.C. Section 2601 et seq., 12 U.S.C. Section 15.

4. Removal of this action is therefore proper under Section 1441 of Title 28 of the United States Code because this is a civil action brought in a State Court over which the Federal District Courts would have had original jurisdiction had the action been commenced in Federal Court. This Notice of Removal is timely under Section 1446 (b) of Title 28 because numerous federal violations and the removability of this action were not apparent until on or about July 23, 2005 the date on which Defendant received summons to answer CITIBANK complaint. So what appeared at first to be a simple complaint to collect alleged debt action is now revealed to arise from the laws of the United States, within the meaning of 28 U.S. C. Section 1331. This notice of removal is timely filed under 27 U.S. C. Section 1446 (b) in that it is filed within 30 days of the receipt of papers demonstrating removability.

5. Jurisdiction “arises under” 15 USC §1601 et seq., 15 USC §1666, Title 12, Regulation Z, Part 226.1(c)(3).

6. Unfair trade practices involving non-compliance, 15 USC sections 1601, et. Seq.

7. As a direct, proximate, and foreseeable result of Plaintiff's actions, Defendant is subject to loss of property and loss of use of property and other damages as a result of Plaintiff's actions.

8. Since this action was commenced, Plaintiff has continued and so continues to violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, by failing to properly make the disclosures required by the 15 USC §1601 et seq. and Regulation Z, as hereinafter more particularly set forth.

9. United States Court Of Appeals For The First Circuit has the authority to hear Federal

10.

## Facts

1. CITIBANK has never validated the alleged debt disputed in accordance with Fair Debt Collection Practices Act I5 USC 1692g section 809(b).

2. CITIBANK is estopped because there were never any results provided as to the conclusion of a request for an investigation of billing errors sent on or about January 16, 2004.

3. Third party debt collector, Thomas J. Gavlick, has failed or refused to provide validation of the alleged debt as required by The Fair Debt Collections Practices Act 15 USC 1692g Section 809 (b). The requirement that debt collection activity cease until the "debt" is validated is a due process right.

11. Dated this _____ day of ________________, 2004.

12. ________________ Kenneth M. DeL Pro ICT

13. Kenneth M. DeLashmutt
14. 2064 Mineral Spring Ave., Suite C PH: 401-349-4717
15. N. Providence, RI 02911

## VERIFICATION

16. Notary:
17. I certify that I know or have satisfactory evidence that Kenneth M. DeLashmutt is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

18. ________________________________
19. Notary

20. ____________________
21. My commission Expires