**UNITED STATES DISTRICT COURT**

**CITIBANK (SOUTH DAKOTA), N.A.**
**Plaintiff**

**v.** **C.A. NO: 05-339 S**

**KENNETH M. DELASHMUTT**
**Defendant**

**PLAINTIFF'S MOTION TO REMAND**

Now comes **CITIBANK (SOUTH DAKOTA), N.A.**, Plaintiff in the above captioned action, and hereby moves that this matter be remanded to the Providence County Superior Court. The reason for such remand is that the case was improperly removed to this Honorable Court.

**CITIBANK (SOUTH DAKOTA), N.A. Plaintiff**
By its attorneys:

Gerard M. DeCelles, #1394
1536 Westminster Street
Providence, RI 02909
Tel (401) 272-8998
Fax (401) 272-4907

Mark T. Romano, #6212
Fleisig & Gavlick
355 Thayer Street
Providence, RI 02906

**CERTIFICATION**

To: Kenneth M. DeLashmutt
2064 Mineral Spring Avenue, Suite C
Providence, RI 02911

I hereby certify that a true copy of the within was mailed to counsel, first-class, postage pre-paid, on this 6th day of Feb, 2006.

______________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CITIBANK (SOUTH DAKOTA), N.A.**
**Plaintiff**

**v.** **C.A. NO: 05-339 S**

**KENNETH M. DELASHMUTT**
**Defendant**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

This is a siimple collection case for Ten Thousand Four Hundred, Eighty-one and 79/100 ( $10,481.79) Dollars. The defendant, Kenneth M. DeLashmutt, Alias maintained an AT & T Universal MasterCard account, issued by Citibank (South Dakota), N.A. During his period of membership with Citibank, the defendant requested several balance transfers and incurred charges, late fees, and interest, and as of May 2005, had accumulated an outstanding balance totaling Ten Thousand Four Hundred, Eighty-one and 79/100 ( $10,481.79) Dollars.

Suit was commenced on July 11, 2005 in Providence County Superior Court, and defendant duly served with process.

On July 28, defendant *pro se* mailed a motion to dismiss to plaintiff's counsel, Thomas J. Gavlick, Esq. ( The Superior Court Civil Docket Sheet does not reflect any filing with the Court.)

Defendant *pro se* then filed his Notice of Removal on August 9, 2005, alleging a laundry list of federal statutes and regulations with peripheral relevance to purported defenses. In his Notice of Removal, defendant *pro se* erroneously alleges that this Court, "would have had original jurisdiction had the action been commenced in Federal Court."

There is no diversity jurisdiction, "arising under" jurisdiction, or statutory provision that transforms this garden variety collection action into a federal case. Nor does defendant *pro se*'s scattergun citation of federal authorities make this case removable.

> According to the Supreme Court:
> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . **The rule makes the plaintiff the master of the claim**; he or she may avoid federal jurisdiction by exclusive reliance on state law. (Emphasis supplied.)
>
> *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted).
>
> *Gattegno v. Sprint Corporation,* 297 F.Supp 2d 372, 374 (D. Mass, 2003)

Plaintiff's complaint raises no such federal question. Moreover,

> It is established that "[a] case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. 2841.
>
> *Gattegno. supra* at 376

Therefore, the case was improperly removed and should be remanded.

> On granting a motion for remand, a federal court may, at its discretion, order the defendant to pay the plaintiff his "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."
>
> 28 U.S.C. § 1447(c)
>
> *Gattegno. supra* at 378

Nowhere in Mr. DeLashmutt's pleading does he even remotely suggest that he did not incur the charges for which he is being sued. This is clearly nothing more than an ill-conceived effort to hinder and delay the prosecution of a collection complaint. The court should not allow itself to be so utilized and should consider Rule 11 sanctions.

Respectfully submitted,
**CITIBANK (SOUTH DAKOTA), N.A. Plaintiff**
By its attorneys:

Gerard M. DeCelles, #1394
1536 Westminster Street
Providence, RI 02909
Tel (401) 272-8998
Fax (401) 272-4907

Mark T. Romano, #6212
Fleisig & Gavlick
355 Thayer Street
Providence, RI 02906

**CERTIFICATION**

To: Kenneth M. DeLashmutt
2064 Mineral Spring Avenue, Suite C
Providence, RI 02911

I hereby certify that a true copy of the within was mailed to counsel, first-class, postage pre-paid, on this 6th day of Feb, 2006.

fg100-340/6