# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

CITIBANK (SOUTH DAKOTA) N.A.

Plaintiff,

vs.

KENNETH M. DELASHMUTT

**Kenneth M. DeLashmutt,**
**By special appearance granting limited jurisdiction**

Defendant.

Civil Action Number: **05-CV-00339-S-DLM**

Judge: WILLIAM E. SMITH

# DEFENDANT'S VERIFIED RESPONSE
# TO PLAINTIFF'S MOTION TO REMAND
# *and*
# VERIFIED PETITION
# (IN THE FORM OF A MOTION)
# TO DENY PLAINTIFF'S MOTION TO REMAND

Comes now the *alleged* Defendant, Kenneth M; DeLashmutt, *speaking for himself without the assistance of counsel*, respectfully submitting his VERIFIED RESPONSE TO PLAINTIFF'S MOTION TO REMAND and VERIFIED PETITION (IN THE FORM OF A MOTION) TO DENY PLAINTIFF'S MOTION TO REMAND, pursuant to **Title 28, Section 1447(a)** of the **U. S. Code**; **Rules 8(d), 11(b)(3), 11(c)(1)(A)** & **(B), 52(a), 60(b)(1) & 61** of the **Federal Rules of Civil Procedure**; **Rules 602, 603,** and **802** of the **Federal Rules Of Evidence**; **Sections 1692d(5), 1692e(2)(A), (3), (5), (10), (13)** & **(14), 1692f(1), 1692g(b),**

**1692j(a)**, **1692l(a)** and **1692n** of the **Fair Debt Collection Practices Act** (**15 USC 1692**); and **Section 3-308** of the **Uniform Commercial Code**; **United States Supreme Court** in **Erie Railroad Company v. Tompkins, 304 U.S. 64 (1938)** and **Caterpillar, Inc. v. Williams, 482 U.S. 386** and **Federal Circuit Appellate Court** decisions **Adickes v. Kress & Co., 398 U.S. 144, 157 -158, n. 16., , Trinsey vs. Pagliaro (229 F. Supp. 647)**, **King v. Knoll (No. 04-04149-JAR)**, **Whitney v. State of New Mexico (113 F.3d 1170)**, and **Haines v. Kerner (404 U.S. 519)**; the **ABA's Model Rules of Professional Conduct** as the Plaintiff has **FAILED** to file a timely MOTION TO REMAND and is thus **ESTOPPED UNDER LAW** from filing said REMAND MOTION. Further, the *alleged* Plaintiff and its *alleged* attorneys **FAILED** to rebut **ANY** of the legal bases for the *alleged* Defendant, Kenneth M. DeLashmutt's NOTICE OF REMOVAL and thus **ALL** of the justifications for said REMOVAL remain unrebutted and are subsequently stipulated to by the *alleged* Plaintiff under law.

The *alleged* Defendant wishes to remind the Court that he is **NOT** an individual schooled in the law, but as an individual exercising his rights **under law** for the proper action of the Court from fraudulent actions on the part of the *alleged* Plaintiff and its alleged attorneys in question. As such, the *alleged* Defendant asks the court to take **judicial notice** of the **enunciation of principles** stated in **King v. Knoll (No. 04-04149-JAR)**, **Whitney v. State of New Mexico (113 F.3d 1170)**, and **Haines v. Kerner (404 U.S. 519)**, wherein the courts directed that those who are unschooled in law making complaints/pleading shall have the court look to the **substance** of the complaint rather than the form and hereby makes the following pleadings/notices in the above referenced matter **WITHOUT** waiver of any defenses.

The *alleged* Defendant, Kenneth M; DeLashmutt, is appreciative of the Court's granting him an ENLARGEMENT (extension) OF TIME to file this RESPONSE and accompanying MEMORANDUM. While the ENLARGEMENT specified that the RESPONSE was due on Friday, March 31, 2006, Mr. DeLashmutt would humbly ask the Court, in the interest of exploring all aspects of this case and the true merits of the issues before the Court, to accept this RESPONSE and accompanying MEMORANDUM under **60(b)(1) & 61** of the **Federal Rules of Civil Procedure** regarding **inadvertence** and **excusable neglect** as well as **harmless error**. As previously detailed, Mr. DeLashmutt is **NOT** schooled in the law and his consulting business

demands have been such that he was not able to meet the Friday, March 31, 2006 date. Coupled within this delay was the fact that Mr. DeLashmutt's computer compely crashed requiring the complete rebuilding of his system to facilitate both his livelihood as well as completing this RESPONSE and MEMORANDUM. The one (1) week delay in filing this response did not affect the merits of the case nor did it compromise the timely enforcement of any judgment.

Thus, Mr. DeLashmutt would humbly ask the Courts indulgence under the provisions of the **Federal Rules of Civil Procedure** to accept his RESPONSE and MEMORANDUM in the interest of exploring all aspects of this case and the true merits of the issues before the Court.

The *alleged* Defendant, Kenneth M; DeLashmutt, **SPECIFICALLY REQUESTS** and stipulates that the Court comply with **Rules 52(a)** of the **Federal Rules of Civil Procedure** **REQUIRING** that *"the court shall* ***find the facts specially*** *and* ***state separately its conclusions of law*** *thereon."* (***emphasis added***)

Without waiving **ANY** rights and while reserving **ALL** rights and legal issues relative to any acts of monetary fraud committed by the *alleged* Plaintiff in violation of the United States Constitution and the Bill of Rights, the Affiant, Kenneth M; DeLashmutt, comes before the Court, **attesting that he is over 18 years of age and competent and willing to testify to the matters contained in this document**:

## STATEMENT OF FACTS

1. **Prior to** the initiation of the cause of action, the *alleged* Defendant, Kenneth M. DeLashmutt, properly responded and requested **in writing** the validity of the *alleged* debt in question, the production of the *alleged* contract upon which the *alleged* debt was supposedly based, production of the **true forensic accounting** of the *alleged* accounts from which the *alleged* extension of credit supposedly been generated and/or the production of an Affiant with **personal, first-hand knowledge** (**Rules 602 & 603** of the **Federal Rules Of Evidence**) who could LEGALLY and LAWULLY validate of **ANY** of the alleged charges and/or alleged contract in question In **EACH** and **EVERY**

instance, the *alleged* Plaintiff either **refused** and/or **ignored** the legally compliant **written** requests and **FAILED** to provide the legally compliant evidence upon which to base a **future** cause of action.

2. On Monday, July 11, 2005, the *alleged* Plaintiff's *alleged* attorney, THOMAS J. GAVLICK, CITIBANK (SOUTH DAKOTA), N.A. *(hereinafter referred to as "CITIBANK")*, initiated a COMPLAINT for the collection of an *alleged* debt in the PROVIDENCE COUNTY SUPERIOR COURT. The COMPLAINT contained two (2) allegations which were **NOT** supported by any evidence and/or Affidavits substantiating the allegations proffered by the *alleged* Plaintiff's *alleged* attorney, MR. GAVLICK.

3. On Thursday, July 28, 2005, the *alleged* Defendant, Kenneth M; DeLashmutt, filed a five (5) point MOTION TO DISMISS said COMPLAINT with an accompanying Affidavit (*see* **Exhibit A**). The *alleged* Plaintiff's *alleged* attorneys allege that said document was not filed. However, the attached Court stamped filing CLEARLY evidences that it was.

4. On Monday, August 8, 2005, the *alleged* Defendant, Kenneth M; DeLashmutt, filed a NOTICE OF REMOVAL to the UNTIED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND due to the gross and willful violations of Federal statues by the alleged Plaintiff and its alleged attorneys.

5. **Six (6) months later**, on Monday, February 6, 2006, the *alleged* Plaintiff's *alleged* attorneys, GERARD M DE CELLES AND MARK T. ROMANO, filed a MOTION TO REMAND the COMPLAINT back to the PROVIDENCE COUNTY SUPERIOR COURT.

6. On Monday, February 28, 2006, the alleged Defendant, Kenneth M; DeLashmutt, filed a MOTION FOR ENLARGEMENT which the Court GRANTED.

# MEMORANDUM OF LAW AND <u>OBJECTIONS</u>

## I.

## Plaintiff Is Estopped From Filing A Removal Motion Since Failed To File A <u>Timely Objection To Removal To Federal Court</u>

7. The alleged Plaintiff is **<u>ESTOPPED</u> <u>UNDER</u> <u>LAW</u>** from filing a MOTION FOR REMOVAL since **<u>FAILED</u>** to file a timely objection to removal to federal court under **Title 28**, **Section 1447(a)** of the **U. S. Code**.

8. As stated in the STATEMENT OF FACTS above, the *alleged* Defendant, Kenneth M; DeLashmutt, filed his REMOVAL action on Monday, August 8, 2005. The *alleged* Plaintiff and its *alleged* attorneys **<u>NEVER</u>** responded to said action for **<u>six</u> (<u>6</u>) <u>months</u>** despite the fact that they were properly notified of said action in compliance with **Title 28**, **Section 1446(d)** of the **U. S. Code**. In fact, the *alleged* Plaintiff and its *alleged* attorneys took **<u>NO</u>** action of **<u>ANY</u>** kind regarding this case in the **<u>six</u> (<u>6</u>) <u>month</u>** period between Mr. DeLashmutt's filing his REMOVAL action and the *alleged* Plaintiff and its *alleged* attorneys filing of the Plaintiff's MOTION TO REMAND.

9. **Title 28**, **Section 1447(a)** of the **U. S. Code** <u>CLEARLY</u> specifies that the non-moving party to a REMOVAL action has **<u>thirty</u> (<u>30</u>) <u>days</u>** to file a REMAND action and/or objection to the movant's REMOVAL action:

> **(c)** A motion to remand the case on the basis of any defect **<u>other than lack of subject matter jurisdiction</u>** must be made **<u>within 30 days after the filing of the notice of removal</u>** under section 1446 (a). **(<u>emphasis added</u>)**

10. The *alleged* Plaintiff has *allegedly* retained competent counsel schooled in the law and licensed to practice law. While the *alleged* Defendant, Kenneth M. DeLashmutt, is **<u>NOT</u>** schooled in the law, the alleged Plaintiff's three separate attorneys, THOMAS J. GAVLICK, GERARD M. DE CELLES AND MARK T. ROMANO, are ***presumed*** by

virtue of their schooling and licensing to know the laws and/or to be able to avail themselves of the laws, statutes, acts, and codes to adequately represent their alleged client, CITIBANK.

11. The *alleged* Plaintiff's *alleged* attorneys have argued ***in personam*** jurisdiction (diversity) as opposed to subject matter jurisdiction. **Title 28, Section 1447(a)** of the **U. S. Code** **CLEARLY** specifies ***subject matter*** jurisdiction is the **ONLY** basis for a MOTION FOR REMAND which is **NOT** subject to the **thirty (30) day** filing limitation.

12. Since the *alleged* Plaintiff is represented by not one, but three (3) schooled and licensed counsel, it **FAILED** to avail itself of its right to file a MOTION TO REMAND within the required period of time and is thus **ESTOPPED UNDER LAW** from filing the RMOTION TO REMAND.

## II.
## Attorneys Willful And Wanton Abuse
## And Failure To Adhere To The Law

13. First and foremost, the *alleged* Plaintiff's *alleged* attorneys, GERARD M. DE CELLES AND MARK T. ROMANO, need to curtail and control their **condescending euphemisms** and **reign in their utter pompous arrogance** and **address the real issues** of the Defendant's response rather than counting on Court to give them deference solely based on the fact that their may have graduated law school and are supposedly attorneys. All that matters in a Court of Law are the **merits** of the laws, statutes, acts, codes, doctrines and case law, **NOT** who proffers the arguments unless it is a WITNESS which the attorneys are **NOT nor can they be** as adjudicated in **Trinsey vs. Pagliaro (229 F. Supp. 647)** and **Adickes v. Kress & Co., 398 U.S. 144, 157 -158, n. 16**. as well as **Rules 602, 603**, and **802** of the **Federal Rules Of Evidence**.

14. **No where** does the Defendant warrant such abusive and condescending trite and dribble such as *"laundry list of federal statutes and regulations with* ***peripheral relevance to***

***purported defenses (emphasis added)***", "*scattergun citation of federal authorities*", "*erroneously alleges this Court*" and "*ill-conceived effort to hinder and delay . . .*". The very sad aspect is that *alleged* Plaintiff's *alleged* attorneys, who are "***supposed***" to be educated in the law and guardians of the law, would castigate Federal statutes **regulating their alleged client's business conduct** and the **protection of the *alleged* consumer's rights** in such a trivial light. The laws, statutes, acts, codes were legislated for this very reason as exemplified by the *alleged* Plaintiff's *alleged* attorneys behavior and pleadings. This **WILLFUL** and **WANTON** disregard for Federal laws, statutes, acts, and codes, in and of itself, should give the Court pause; demonstrate the severity of the alleged violations; and, the necessity of the Federal Court to exercise its jurisdiction over Federal laws, statutes, acts, and codes as extensively delineated in the *alleged* Defendant, Kenneth M. DeLashmutt's, Monday, August 8, 2005 NOTICE OF REMOVAL to the U. S. DISTRICT COURT.

15. The unfortunate naiveté aspect of this case is so eloquently displayed and illustrated by the *alleged* Plaintiff's *alleged* attorneys, GERARD M. DE CELLES AND MARK T. ROMANO, when they characterize the case as a "*garden variety collection action.*" The very sad reality is that too many attorneys, present company included, have developed a practice of running into the courts to effectuate an *alleged* collection without **PROPERLY** and **LEGALLY** validating the *alleged* debt and meeting the **MINIMUM LEGAL REQUIREMENTS** of providing **AT LEAST** the contract upon which the action is supposedly predicated in compliance with **Erie Railroad Company v. Tompkins, 304 U.S. 64 (1938)** and the **Uniform Commercial Code 3-308**. They proffer a complaint predicated upon their **OWN unsupported** and **unsubstantiated** statements negating a ***prima facie*** case and thus **failing to state a claim upon which relief can be granted** (**Federal Rules of Civil Procedure Rule 12(b)(6)**).

16. This practice constitutes **WILLFUL** and **WANTON** violations of **not only** a myriad of laws, statutes, acts codes, doctrines and case law, but of the alleged attorneys **WILLFUL** and **WANTON** violations of their licensed responsibility to insure that **ALL** aspects of the laws, statutes, acts codes, doctrines and case law have been complied with **PRIOR**

**TO** instituting a cause of action before the Court. To file a case before doing so constitutes filing a **DECEITFUL** and **FRAUDULENT** cause of action which is punishable for **ABA's Model Rules of Professional Conduct – Rule 8.4: MISCONDUCT**.

## III.
## Failure To Rebut The Violations Of Federal Statutes Granting Federal Jurisdiction

17. If it wasn't so pathetic, it would be comical that the *alleged* Plaintiff's *alleged* attorneys, GERARD M. DE CELLES AND MARK T. ROMANO, have resorted to the trite retort that the *alleged* Defendant, Kenneth M; DeLashmutt's, *"scattergun citation of federal authorities"* provided **NO** basis for the cause of action to be removed to Federal District Court. Yet, despite the **EXTENSIVE** delineation of **FEDERAL** violations giving the Federal Court jurisdiction, the *alleged* Plaintiff's *alleged* attorneys have **consciously elected** to provide **NO** rebuttal to any of the **extensive** FEDERAL violations and legal basis for the Federal Court's jurisdiction. They have instead relied upon the misquoting and misapplication of one ONE (1) singular case as their basis for removing the case back to state court. Thus, by the attorneys **OWN** assertion, one would assume that when attorney(s) cite a myriad of legal and lawful violations and laws, it **ALSO MUST** be mere *"scatter gunning of citations"* and have **NO** foundation in **FACT** and **LAW** and must dismissed as meritless !!!

18. At what point are the *alleged* Plaintiff's *alleged* attorneys, GERARD M. DE CELLES AND MARK T. ROMANO, going to argue the **MERITS** of the Federal violations and not merely try to sidestep the true violations of Federal laws, acts, statutes, and codes?? The *alleged* Defendant, Kenneth M; DeLashmutt, apologizes that he isn't the *"garden variety" alleged* Defendant and he chosen to challenge the **true merits** and **legal bases** of the **FRAUDULENT** cause of action.

19. At **NO** point in time has the *alleged* Defendant, Kenneth M. DeLashmutt, ever argued diversity as the basis for removal of the case to Federal Court. Yet this is the primary argument that the *alleged* Plaintiff's *alleged* attorneys are trying to argue in remanding the case back to State Court. Diversity **ISN'T** and **HASN'T** been the issue. The massive violations of FEDERAL laws, acts, statutes, and codes **ARE** the **FACTS** and **ISSUES** that give the Federal Court jurisdiction. Yet they **ALL** remain **UNREBUTTED** and thus stand as **STIPULATED FACTS agreed to under law** in accordance with **Rule 8(d)** of the **Federal Rules of Civil Procedure**. Said violation have not even begun to encompass the additional willful, wanton and gross violation of the Fair Debt Collection Practices Act including, but not limited to, **Sections 1692d(5), 1692e(2)(A), (3), (5), (10), (13) & (14), 1692f(1), 1692g(b), 1692j(a), 1692l(a)** and **1692n** which Mr. DeLashmutt will further detail in future filings before the court as well as through Admissions, Interrogatories and Request For Production Of Documents.

20. Those **stipulated and agreed to violations** constituting Federal jurisdiction, as agreed to under **Rule 8(d)** of the **Federal Rules of Civil Procedure**, are:

A. Federal jurisdiction is correct under **28 USC 1331**

B. Federal jurisdiction is correct under **28 USC 1441**

C. Federal jurisdiction is correct under **15 USC 1601 et seq.**

D. Federal jurisdiction is correct under **15 USC 1666 et seq.**

E. Regulation Z - Code of Federal Regulations at **12 C. F. R. Part 226.1(c)(3) et seq..**

F. Regulation X - Code of Federal Regulations at **12 C. F. R. Part 224** at **Part 3500**.

G. Fair Debt Collection Practices Act (**15 USC 1692**)

21. Ergo, the alleged Plaintiff has already **STIPULATED** and **AGREED under law** that the Federal Courts **HAVE** jurisdiction in this matter and are **ESTOPPED** under **Rule 8(d)** of the **Federal Rules of Civil Procedure** from proffering a MOTION TO REMAND. Thus, the alleged Plaintiff's MOTION TO REMAND should be **SUMMARILY DENIED**.

22. The *alleged* Plaintiff's *alleged* attorneys cite **Caterpillar, Inc. v. Williams, 482 U.S. 386** where in the court specified the ***"well-placed complaint rule"*** when there was a ***"properly pleaded complaint."*** But when the cause of action is predicated upon **WILLFUL** and **WANTON** **FRAUD** and **DECEIT** and **FAILS** to properly adhere to the law **PRIOR** to the filing of the cause of action, said cause of action is **NOT** properly pleaded as it is predicated upon **FRAUD**. Ergo, the ***"fruit of the poisonous vine"*** theory **PREVAILS** and the cause of action is **NEITHER** prima facie or properly plead.

23. In addition, *alleged* Plaintiff's *alleged* attorneys **INTENTIONALLY** **MISQUOTE** **Caterpillar, Inc. v. Williams** at **392** with the **intent** **to** **deceive** the Court. The **PRECEEDING** and **SCOPE** **DEFINING** Court specifications directly preceding the ***"well-placed complaint rule"*** parameter stipulates that if the case **COULD** **HAVE** **BEEN** filed in Federal Court, then it **CAN** be removed to Federal Court by the Defendant. It further cites, via footnote, the **VERY** **SAME** provisions which the alleged Defendant, Kenneth M. DeLasmutt cited in removing the action to Federal Court. Below are the **PRECEEDING**, **SCOPE** **DEFINING** Court specifications (at **392**) and their respective footnotes:

> "Only state-court actions **that originally could have been filed in federal court** may be removed to federal court by the defendant.[*fn5] Absent diversity of citizenship, federal-question jurisdiction is required.[*fn6] The presence or . . ." **(emphasis added)**

[*fn5] **Title 28 U. S. C. § 1441** provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending**." **(emphasis added)**

*fn6 Federal district courts have original jurisdiction over "**all civil actions arising under the Constitution, laws, or treaties of the United States**." **28 U. S. C. § 1331**. (**emphasis added**)

Since the alleged Plaintiff has already **stipulated and agreed to** the violations of Federal laws, statutes, acts, and codes constituting Federal jurisdiction under **Rule 8(d)** of the **Federal Rules of Civil Procedure**, **Caterpillar, Inc. v. Williams** at **392** actually **SUPPORTS** the alleged Defendant's NOTICE OF REMOVAL rather than the *alleged* Plaintiff's MOTION TO REMOVE.

24. The *alleged* Plaintiff's *alleged* attorneys **FURTHER MISQUOTED Caterpillar, Inc. v. Williams** in citing the except regarding the **Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1 (1983)** at **14** alleging that it said that ***". . .a case may not be removed to a federal court on the basis of a federal defense . . ."***. However, the Court **very definitively** stated **IMMEDIATELY** after that quote that there is a **SUPERSEDING** doctrine that precludes the ***"well-placed complaint rule"***:

> "There does exist, however, an "**independent corollary**" to the well-pleaded complaint rule, id., at 22, known as the "**complete pre-emption**" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common law complaint into **one stating a federal claim for purposes of the well-pleaded complaint rule**." **Metropolitan Life Insurance Co., supra**, at **65**.*fn8" (**emphasis added**)

So once again the *alleged* Plaintiff's *alleged* attorneys further **MISQUOTED** the case citation with the **CLEAR intent to deceive the Court**. When the rights violation, **which the alleged Plaintiff has already stipulated and agreed to**, are so pervasive, then the "**complete pre-emption**" doctrine supersedes the ***"well-placed complaint rule"***. Since

the alleged Plaintiff is further **ESTOPPED** under **Rule 8(d)** of the **Federal Rules of Civil Procedure**, the "**complete pre-emption**" doctrine prevails.

## IV.
## Sanctions

25. Given the *alleged* Plaintiff's *alleged* attorneys **WILLFUL**, **WANTON** and **INTENTIONAL** deception of the Court through the continual MISQUOTING of case law, the alleged Defendant, Kenneth M; DeLashmutt, would ask the Court to **SANCTION on its own initiative** the two (2) **WILLFUL** trespassers on the law, GERARD M. DE CELLES AND MARK T. ROMANO, under **Rule 11(c)(1)(B)** of the **Federal Rules of Civil Procedure**. There is **ABSOLUTELY NO** excuse for an attorney to deceive the court and it is a direct violation of **Rule 8.4(a), (c), & (d)** of the **ABA's Model Rules of Professional Conduct** regarding **Misconduct** **DEMANDING** an **IMMEDIATE** response from the Court upon which the attempted **WILLFUL**, **WANTON**, and **INTENTIOANL** deceit was perpetrated.

26. If the Court takes **NO** action on its own after having been made fully aware of the matter, the *alleged* Defendant, Kenneth M. DeLashmutt, will himself initiate, in a separate MOTION as stipulated under **Rule 11(c)(1)(A)** of the **Federal Rules of Civil Procedure** requesting several penalties, disbarment and subsequently seeking damages for commercial injury. It is clearly evident that the two perpetrators of **FRAUD** and **DECEIT** have nothing other than pure monetary gain on their mind by the proffering of a **FRAUDULENT** cause of action in a State Court.

## CONCLUSION

Wherefore, the alleged Defendant, Kenneth M; DeLashmutt, prays that the Court will **SUMMARILY DENY** the *alleged* Plaintiff's MOTION FOR REMAND as the *alleged* Plaintiff **FAILED** to file a timely MOTION under **Title 28, Section 1447(a)** of the **U. S. Code** as well as the fact that the *alleged* Plaintiff has already **STIPULATED** and **AGREED under law** that

the Federal Courts **HAVE** jurisdiction in this matter and are **ESTOPPED** under **Rule 8(d)** of the **Federal Rules of Civil Procedure** from proffering a MOTION TO REMAND.

The *alleged* Defendant further prays that the Court will **SANCTION** on its own initiative in accordance with **Rule 11(c)(1)(B)** of the **Federal Rules of Civil Procedure** the two attorneys who have **WILLFULLY** and **WANTONLY** trespassed on the law with the pure intent of deceiving the Court for their own personal gain.

***Further the Affiant sayeth naught.***

Respectfully submitted on this the 11th day of April, 2006 by,

Kenneth M; DeLashmutt, *Speaking for himself without the assistance of counsel*
c/o 2064 MINERAL SPRINGS AVENUE
SUITE C
PROVIDENCE, RHODE ISLAND 02911
(401) 349-4717

## NOTARY STATEMENT

Before me, the undersigned, a Notary Public in and for said County and State on this 11th day of April 2006, personally appeared Kenneth M; DeLashmutt known to me to be the identical living, breathing being who executed the within and foregoing instrument and acknowledged to me that he first took an oath as to the truth and then executed the above petition as a free and voluntary act.

Given under my hand and seal the day and year last above written.

***Seal***

Notary Public: Douglas P. Frongillo

Notary Public (Printed): Douglas P. Frongillo

My commission expires: 2/10/07



Douglas P. Frongillo
Notary Public, Rhode Island
My Commission Expires February 10, 2007

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *alleged* Defendant's VERIFIED RESPONSE TO PLAINTIFF'S MOTION TO REMAND and VERIFIED PETITION (IN THE FORM OF A MOTION) TO DENY PLAINTIFF'S MOTION TO REMAND, was hand delivered on Monday, April 11, 2006 for filing into the record to the CLERK OF COURT, IN THE UNTIED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND, ONE EXCHANGE TERRACE, FEDERAL BUILDING and COURTHOUSE, PROVIDENCE, RHODE ISLAND, 02903, and will mail a true copy of this document to the *alleged* Plaintiff, CITIBANK (SOUTH DAKOTA) N.A.'s *alleged* attorneys, GERALD M. DE CELLES, at 1536 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND, 02909, and MARK T. ROMANO, of the law firm FLEISIG & GAVLICK, at 355 THAYER STREET, PROVIDENCE, RHODE ISLAND, 02909, by 5:00 P.M. on April 11, 2006.

Kenneth M; DeLashmutt

Ex "A"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
Providence County

| | |
|---|---|
| Citibank (South Dakota), N.A. | ) |
| | ) |
| plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action, **File No. PC 2005-3353** |
| | ) |
| Kenneth M. DeLashmutt | ) |
| defendant. | ) |

Defendants' motion to dismiss: Citibank has failed to state a claim upon which relief can be granted.

Brief in support of motion to dismiss

FIRST CAUSE FOR DISMISSAL: Citibank lacks standing to sue in Rhode Island courts.

SECOND CAUSE FOR DISMISSAL: Third party debt collector, Thomas J. Gavlick, has failed or refused to provide validation of the alleged debt as required by The Fair Debt Collections Practices Act. The requirement that debt collection activity cease until the "debt" is validated is a due process right. When parties are deprived of due process, the court is deprived of subject matter jurisdiction.

THIRD CAUSE FOR DISMISSAL: Even if Citibank had standing to sue in Rhode Island Courts, Citibank would have to prove standing to sue Kenneth M. DeLashmutt and by offer of presentment of the original promissory note.

FOURTH CAUSE FOR DISMISSAL: Even if Citibank had standing to sue in Rhode Island Courts and standing to sue Kenneth M. DeLashmutt, Citibank would have to present qualifying evidence in support of a claim of damage.

FIFTH CAUSE FOR DISMISSAL: CITIBANK is estopped because there were never any results provided as to the conclusion of a request for an investigation of billing errors sent on or about January 16, 2004.

True Copy Attest

Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

# Affidavit

I, Kenneth M. DeLashmutt, of age and competent to testify, state as follows based on my own personal knowledge:

1. I am not in receipt of any document that shows that CITIBANK has standing to sue in Rhode Island courts.

2. I am not in receipt of any document that shows that I have a contract with CITIBANK.

3. I am not in receipt of any document that establishes that I owe CITIBANK money.

4. I am not in receipt of any document that verifies that CITIBANK authorized this action or is even aware of it.

5. I am not in receipt of any documented results of a billing errors investigation sent to CITIBANK on or about January 16, 2004. See TITLE 15 USC sec1666.

6. As a result of the actions of Thomas J. Gavlick, I have been damaged financially, socially, and emotionally.

Kenneth M. DeLashmutt

STATE OF RI

COUNTY OF Providence

INDIVIDUAL ACKNOWLEDGMENT

Before me, the undersigned, a Notary Public in and for said County and State on this 28 day of July, 2005, personally appeared Kenneth M DeLashmutt to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 5/17/2009

Notary Public

A True Copy Attest

Clerk Superior Court

& Bristol

Certificate of service

I, Kenneth M. DeLashmutt, certify that on JULY 28, 2005, I mailed a true and correct copy of the above and foregoing motion to dismiss via certified mail, return receipt requested to:

Certified Mail # **7005 0550 0000 6073 4230**

Kenneth M. DeLashmutt
2064 Mineral Spring Ave., Suite C
Providence, RI 02911

Kenneth M. DeLashmutt

True Copy Attest

Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island